IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN ERSKINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1771 (MN) |
| | ) |
| WARDEN TRUMAN MEARS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Justin Erskine, Georgetown, DE – Pro Se Plaintiff

October 4, 2021
Wilmington, Delaware

*[signature: Maryellen Noreika]*
**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Justin Erskine ("Plaintiff"), an inmate at Sussex Correctional Institution ("SCI"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Plaintiff requests counsel and seeks injunctive relief. (D.I. 10, 14). This Court proceeds to screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**I.   BACKGROUND**

Plaintiff filed a complaint with three distinct claims. (D.I. 2). This Court severed the claims into three separate cases so that the litigation could proceed in a logical fashion. (*See* D.I. 16). The instant Complaint consists of pages 1 through 14 and 24. (D.I. 2).

Plaintiff complains of incidents that took place on August 13, 2019, September 7, 2019, and March 17, 2020 when Plaintiff was housed at SCI. He raises claims against Defendants Sgt. Darrell Williams ("Williams"), Lt. James Chandler ("Chandler"), Lt. Brett Hamstead ("Hamstead"), Sgt. Anthony Palo ("Palo"), Cpl. Ukee Johnson ("Johnson"), Deputy Warden J. Beck ("Beck"), and Warden Truman Mears ("Mears"). (D.I. 2 at 11-14).

Plaintiff alleges that Williams gave him a false write-up on August 13, 2019. (*Id*. at 11). When Chandler handed Plaintiff a disciplinary ticket the same day, Plaintiff told Chandler that Williams lied in his report. (*Id*. at 12). Chandler told Plaintiff there would be a disciplinary hearing the next day. (*Id*.). Plaintiff alleges that there was no hearing and instead the next evening Chandler dropped off a report finding Plaintiff guilty. (*Id*.).

Plaintiff wrote to Mears who asked Hamstead to look into the matter. (*Id*.). Plaintiff asked Hamstead to throw out the write-up because Plaintiff was not given a hearing. (*Id*.). Plaintiff also filed an appeal. (*Id*.). On September 7, 2019, Hamstead denied the appeal based upon video

1

footage that showed Plaintiff arguing with Williams. (*Id.*). The same day that the appeal was denied Palo was instructed by Chandler to shakedown Plaintiff's living area, items were confiscated, and Plaintiff received a write-up for contraband of routinely possessed items including a ring. (*Id.* at 12-13). Plaintiff alleges the shakedown was retaliatory. (*Id.* at 12). The write-up was approved by Hamstead and that evening Plaintiff was removed from the Merit Building. (*Id.* at 13). Plaintiff alleges the write-up was not given to him until seven days later in violation of DOC policy. (*Id.*). On the day Plaintiff received the write-up he was found not guilty on the grounds the write-up was retaliation. (*Id.*). Two days later Plaintiff was again housed in the Merit Building. (*Id.*). His ring was never returned. (*Id.*).

On March 17, 2020, Plaintiff was working in the laundry, and discovered there was no toilet paper in the bathroom. (*Id.*). Plaintiff followed procedure and requested a roll from supply officer Johnson who responded that he had just provided a roll and that Plaintiff was "going to have to make that work" referring to the empty roll Plaintiff had brought him. (*Id.*). Plaintiff walked to the office of supervisor Timothy Jones ("Jones") and explained that he needed toilet paper. (*Id.*). Johnson saw Plaintiff, shouted at him, and pushed Plaintiff into Jones' office. (*Id.*). Plaintiff reported the assault to Beck and Mears. (*Id.*).

Plaintiff seeks injunctive relief and compensatory damages. (*Id.* at 6).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks

redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.     DISCUSSION

#### A.     False Disciplinary Reports

Plaintiff alleges that Williams gave him a false write-up on August 13, 2019. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002).

Here, Plaintiff alleges that he was denied a hearing and found guilty without a hearing. Liberally construing the allegations as this Court must, Plaintiff has alleged what appears to be a cognizable false disciplinary report claim.

#### B.     Due Process

Plaintiff alleges that Williams gave him a false write-up on August 13, 2019, he was found guilty without a hearing, appealed, and his appeal was denied. Plaintiff states that he was removed from the Merit Building for two days when his appeal was denied. It is not clear, however, if the two day removal was punishment as a result of the finding of guilt.

It is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, due process prohibits the deprivation of a prisoner's liberty interest at a disciplinary hearing unless the prisoner is given: (1) an impartial decision-making body; (2) twenty-four hour notice of the charges; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance from a representative; and (5) a written decision explaining the evidence relied upon. *Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). In addition, the disciplinary decision must be supported by at least "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Procedural due process rights are triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) the conditions of that confinement in relation to other prison conditions. *Id*. Because of the fact-specific nature of this test, cases engaging in this inquiry have reached differing outcomes. *Compare Leamer v. Fauver*, 288 F.3d 532, 545 (3d Cir. 2002) (denial of the right to participate in a sex offender treatment program that was "mandated and promised" by New Jersey law implicated a protected liberty interest), and *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir.2000) (eight years in administrative confinement, during which inmate was locked in his cell for all but two hours per week, denied contact with his family, and prohibited from visiting the library or "participating in any education, vocational, or other organization activities," implicated a protected liberty interest), with *Smith v. Mensinger*, 293 F.3d at 645, 654 (seven months in disciplinary confinement did not implicate a liberty interest), *Torres v. Fauver*, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days was not atypical treatment in New Jersey prisons and therefore did not implicate a protected liberty interest), and *Griffin v. Vaughn*, 112 F.3d 703, 706-09 (3d Cir.1997) (administrative detention, which imposed strict restrictions on outside contact and personal conveniences, did not implicate a protected liberty interest).

As noted, the Complaint does not indicate the type of punishment, if any, Plaintiff received. As a result, this Court cannot conduct an adequate *Sandin* analysis. Therefore, the due process claims raised against Williams, Chandler, and Hamstead will be dismissed. Plaintiff, however, will be given leave to amend the claim.

### C. Retaliation

Plaintiff alleges that Palo was instructed by Chandler to conduct a retaliatory shakedown of Plaintiff's living area, and Plaintiff received a write-up for contraband on items that are routinely possessed. Plaintiff was found not guilty on the grounds that the write-up was retaliation.

In order to establish a retaliation claim Plaintiff must allege that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected activity was a substantial or motivating factor in the decision to discipline him. *See Watson v. Rozum*, 834 F.3d 417, 420 (3d Cir. 2016).

Here, the Complaint alleges in a conclusory manner that there was retaliation of protected speech, but it does not identify Plaintiff's constitutionally protected conducted. Without more, this Court cannot determine if the alleged retaliatory conduct was in response to constitutionally protected activity. Therefore, the retaliation claim against Palo will be dismissed. Plaintiff again, however, will be given leave to amend the claim.

### D. Respondeat Superior/Personal Involvement

Plaintiff alleges that he wrote to Mears to look into the August 13, 2019 write-up, failure to hold a hearing, and finding of guilt. Mears asked Hamstead to look into the matter. Plaintiff also alleges that he reported a March 17, 2020 assault to Warden Mears and Deputy Warden Beck.

The allegations do not allege constitutional violations. Plaintiff asked Mears to look into a matter, and Mears delegated the matter to Hamstead. This did not violate Plaintiff's constitutional rights. *See e.g.*, *Davis v. Correctional Med. Services*, 436 F. App'x 52 (3d Cir. 2011) (affirming dismissal of claim that prison official who did not respond to a letter written by inmate failed to allege a constitutional violation). Plaintiff reported an assault to Mears and Beck. Again, this does not allege a constitutional violation.

The claims against Mears and Beck will be dismissed as frivolous.

**E.    Assault**

Plaintiff raises a supplemental claim of assault. He alleges that he was assaulted by Johnson who shouted at Plaintiff and pushed Plaintiff into Supervisor Jones' office.

Under Delaware law, the elements of the tort of assault are met when the tortfeasor acts with the intent to imminent apprehension of harmful or offensive contact, and the plaintiff is put in such imminent apprehension. *Tilghman v. Delaware State Univ.*, 2012 WL 3860825, at *5 (Del. Super. Aug. 15, 2012) (citing Restatement (Second) of Torts § 21 (1965) and *Jagger v. Schiavello*, 93 A.3d 656, 660 (Del. Super. Ct. 2014)). The Complaint fails to allege assault. It alleges that Johnson pushed him, but does not allege that Plaintiff was placed in imminent apprehension. Accordingly, the assault claim will be dismissed. Plaintiff will be given leave to amend the claim.

**F.    Property**

Plaintiff alleges that during a shakedown his ring was confiscated and never returned. To the extent Plaintiff raises a claim for deprivation of personal property, the claim fails.

A due process claim based on the deprivation of his personal property is not actionable under § 1983 unless there is no adequate post deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds* by 474 U.S. 327 (1986)); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. 2015). Because Delaware provides an adequate remedy by filing a common law claim for conversion of property, Plaintiff cannot maintain a cause of action pursuant to § 1983. *Harris*, 609 F. App'x at 705. The claim will be dismissed.

**IV.** **MOTIONS**

    **A.** **Request For Counsel**

Plaintiff seeks counsel on the grounds that he is unable to afford counsel; the issues are complex; there are restrictions on law library use due to COVID; he has made unsuccessful attempts to retain counsel; as an inmate he cannot adequately conduct discovery, investigate, or perform depositions; and he has no civil litigation experience. (D.I. 10).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel, however, may be appropriate under certain circumstances after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, this Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery*

---

[1]     *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

*v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d at 157.

Several of the *Tabron* factors militate against granting Plaintiff's requests for counsel at this time.  To date, Plaintiff has ably represented himself and presented his claims.  As pled, the issues do not appear to be complex.  Also, the case is in its early stages, there is no operative pleading, and Plaintiff will be granted leave to file an amended complaint.  Accordingly, this Court finds that counsel is not necessary at this time.  Therefore, the request will be denied without prejudice to renew.  (D.I. 10).

**B.     Injunctive Relief**

Plaintiff states that false write-ups, harassment, retaliation, medical misconduct, and neglect continue to occur.  Plaintiff moves for injunctive relief "to prevent or deter these ongoing occurrences."  (D.I. 14).  Plaintiff "feel[s] that irreparable harm is occurring and will continue to occur without intervention."

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest."  *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II").  The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions).  "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate."  *NutraSweet II*, 176 F.3d at 153.  Furthermore, because of the intractable

10

problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.,* 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff provides no evidence to support the motion. Rather, he "feels" that irreparable harm is occurring. Because Plaintiff has failed to show a likelihood of success on the merits and has failed to demonstrate irreparable harm, this Court will deny the motion.

## V.     CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 10); (2) deny the motion for injunctive relief (D.I. 14); and (3) dismiss the following claims as frivolous and for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1): (a) due process claims raised against Darrell Williams, James Chandler, and Brett Hamstead; (b) retaliation claim against Anthony Palo; (c) all claims against Truman Mears and J. Beck; (d) the assault claim against Johnson; and (e) the property claim; (4) allow the false disciplinary report claim to proceed against Darrell Williams; and (5) give Plaintiff leave to amend the following claims: due process claims raised against Darrell Williams, James Chandler, and Brett Hamstead; retaliation claim against Anthony Palo; and the assault claim against Ukee Johnson.

An appropriate Order will be entered.